IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| STATE OF WASHINGTON, | ) | No. 31760-9-III |
|---|---|---|
| Appellant, | ) ) ) | |
| v. | ) ) | |
| DOUGLAS JOHN NELSON, | ) | UNPUBLISHED OPINION |
| Respondent. | ) ) | |

KORSMO, J. — The trial court dismissed this prosecution in reliance on a federal

trial court opinion. We subsequently issued a contrary opinion and now reverse and

remand for trial in accordance with our earlier decision.

FACTS

In February 2012, officers from the city of Spokane obtained search warrants to

search two houses connected to Douglas Nelson. The search warrant affidavits for the

two houses described facts consistent with indoor marijuana growing. However, the

affidavit said nothing about whether officers had reason to believe that Mr. Nelson was

growing marijuana in violation of the medical marijuana laws. The affidavit did not

address medical marijuana at all.

A search of these two residences returned a large amount of marijuana. The State charged Mr. Nelson with one count of unlawful manufacture of marijuana and one count of unlawful possession of marijuana with intent to deliver.

Mr. Nelson filed a motions to suppress the marijuana found during the searches and to dismiss the charges. He argued that the search warrant failed to allege that a crime had been committed because the affidavit did not allege that the marijuana was being grown at the residences in violation of Washington's medical marijuana statutes. The primary basis for this motion was a ruling from the United States District Court that, in light of the state decriminalization of medical marijuana, required search warrant affidavits to allege a violation of Washington's medical marijuana statutes. The superior court agreed with the federal ruling, suppressed the marijuana as the fruit of an unlawful search and seizure, and dismissed the charges for lack of evidence. The State then appealed to this court.

## ANALYSIS

This case presents a single question of law for review: Do the 2011 amendments to Washington's medical marijuana statutes, which decriminalized the medical use of marijuana, require law enforcement officers to allege a violation of the medical marijuana statutes in order to establish probable cause that a crime has been committed?

2

At oral argument, both sides agreed that our recent decision in *Ellis* controls the outcome of this appeal. *State v. Ellis*, 178 Wn. App. 801, 2014 WL 2118650, *review denied*, No. 89928-2 (Wash. June 6, 2014). In *Ellis*, we noted that the Uniform Controlled Substances Act (UCSA), chapter 69.50 RCW, generally criminalizes all possession and manufacture of marijuana, while the Medical Use of Cannabis Act (MUCA), chapter 69.51A RCW, decriminalizes the same thing if certain requirements are met. *Id.* at 806. Interpreting these two acts together and looking at the MUCA's legislative history, we concluded that "the MUCA exception applies to marijuana-based arrests, prosecutions, and criminal sanctions, but not searches." *Id.* at 807. We then held that a search warrant affidavit only needs to establish probable cause to believe that a suspect violated the UCSA, and does not need to also establish the suspect's noncompliance with the MUCA. *Id.* at 807-08. We also expressly disagreed with a federal trial court decision, subsequently reversed by the Ninth Circuit, that Mr. Nelson successfully had relied upon in the trial court. *Id.*

Adhering to *Ellis*, we hold that the lower court erred as a matter of law when it granted Mr. Nelson's motions to suppress the marijuana and dismiss the charges.

3

No. 31760-9-III
*State v. Nelson*

Accordingly, we reverse and remand for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

I CONCUR:

Siddoway, C.J.

4

No. 31760-9-III

FEARING, J. (concurring) — I concur in the majority's opinion based upon my concurrence in State v. Ellis, 178 Wn. App. 801, 2014 WL 2118650, *review denied*, No. 89928-2 (Wash. June 6, 2014).

Fearing, J.